McCunn, J.,
held that the new proof as to the title and construction of the vault, so far varied the case from that which was presented to the general term, as to require him again to instruct the jury that the plaintiff was entitled to the vault as a part of the building erected on his land. The following were the rulings of the judge:
I hold that without any show of written title on the part of the owners of this easement or right, other than that which has in this case been proven to be acquired by the plaintiff, to wit, the uninterrupted possession for over twenty years; this alone was enough, in the absence of a superior title, Nto enable the plaintiff to recover; and, moreover, I will state that, upon proof of this title to the land in front of this highway, in the absence of a better title, the right of the plaintiff to the property or easement is presumed; in other words, upon proof of title every thing which is collateral to the title will be intended without proof. Therefore I think the'plaintiff herein should recover. " It is also made clear, on this trial, that the vault is a part of the premises, the inside wall of the vault being the outside wall of the house, and being part of the fee. This question was left to the jury the last time improperly, and I therefore .withhold it. The case, as presented now, is different from the case presented at the general term. Here *623 the deed to the Coster family is put in evidence; in the other action it was not. The deed shows uninterrupted possession for over twenty years.
The jury, under the new proof of value, rendered a verdict for damages at the rate of $200 per annum, amounting to $966. Leave was given to the defendant to make a case, for the purpose of again carrying the questions involved to the general term and to the Court of Appeals, which will finally determine whether such a vault is part of the house' and belongs to the owner and landlord, or whether the tenant building it under a license procured by himself may retain it after his lease expires, and* carry on in it a separate business in front of his landlord’s premises.